IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

                Plaintiff,

Vs.                                                                      No.  03-40141-01-SAC

DEDRICK DELANDALE MOORE,

                Defendant.

MEMORANDUM AND ORDER

The case comes before the court on the sentencing of the defendant following his entry of a guilty plea to the three counts of bank robbery charged in the superseding indictment.  The presentence report ("PSR") recommends a guideline sentencing range of 100 to 125 months from a criminal history category of five and a total offense level of 25 (greatest adjusted offense level of 25 for count one--base offense level of 20 pursuant to U.S.S.G. § 2B3.1(a), plus two points for taking property of a financial institution pursuant to U.S.S.G. § 2B3.1(b)(1), plus two points for threat of death pursuant to U.S.S.G. § 2B3.1(b)(2)(F), plus one point for loss exceeding $10,000 pursuant to U.S.S.G. § 2B3.1(b)(7)(B)--plus three points for multiple count adjustment pursuant to U.S.S.G. § 3D1.4 and less

three points for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1).

The PSR addendum reveals three unresolved objections,[1] and the defendant has filed a sentencing memorandum in support of his objections. The government offered no response for the addendum and filed none to the defendant's sentencing memorandum.

**Defendant's Objection No. 1**:  The defendant objects to the omission of a four-level reduction for minimal participant.  The defendant argues he was pressured to participate in Gerald Bennett's bank robbery scheme after Bennett had bonded the defendant out of jail.  He characterizes himself as one of the "lowest rung" individuals in a group engaged in a multi-state bank-robbing spree.  He describes his role as driving to and from the bank robberies and distinguishes himself from those who actually committed the bank robberies.  Moore alleges that he suffered from a debilitating drug addiction and that his small share from the bank robberies was always used to buy drugs from Bennett.

<u>Ruling</u>:  The general law governing mitigating role reductions is well

---

[1] In his third objection, the defendant simply seeks to have the PSR reflect any favorable rulings on his first two substantive objections in its guideline sentencing range calculations.  The court's ruling on the third objection is subsumed in its ruling on the first two objections, and no separate ruling will be given on the third.

established:

> The mitigating role adjustment in U.S.S.G. § 3B1.2 "provides a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant." U.S.S.G. § 3B1.2 , comment. (n.3(A)). The determination whether a defendant is entitled to such a reduction is "heavily dependent upon the facts of the particular case." U.S.S.G. § 3B1.2 , comment. (n.3(C)). A role reduction is not earned simply because a defendant is "the least culpable among several participants in a jointly undertaken criminal enterprise." *United States v. Lockhart*, 37 F.3d 1451, 1455 (10th Cir. 1994) (citing *United States v. Caruth*, 930 F.2d 811, 815 (10th Cir. 1991)). In evaluating culpability, a court compares the "defendant's conduct with that of others in the same enterprise, but also with the conduct of an average participant in that type of crime." *United States v. Caruth*, 930 F.2d at 815. To weigh relative culpability, "evidence must exist of other participants and their role in the criminal activity." *United States v. Sukiz-Grado*, 22 F.3d 1006, 1009 (10th Cir.1994) (internal quotation marks omitted). In short, a role reduction is appropriate when the defendant is "substantially less culpable" than an average participant and is not required just because multiple participants with differing levels of culpability are involved.

*United States v. Vargas-Islas*, 437 F. Supp. 2d 1180, 1181-82 (D. Kan. 2006).

A minimal role adjustment is limited to those defendants "who are plainly among the least culpable of those involved in the conduct of the group." U.S.S.G. § 3B1.2 comment. (n. 4). Indicative of a minimal role is a defendant's "lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others." U.S.S.G. § 3B1.2,

comment. (n.4). The commentary also suggests that this downward adjustment should be used infrequently. *Id.* In contrast, a minor role adjustment is limited to a defendant who "is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, comment. (n.5). The determination of a defendant's role in the offense is a factual question. *See United States v. James*, 157 F.3d 1218, 1219 (10th Cir. 1998). The defendant has the burden of proving by a preponderance of the evidence that he is entitled to the § 3B1.2 reduction. *See United States v. Onheiber*, 173 F.3d 1254, 1258 (10th Cir. 1999).

        The defendant has not carried his burden of showing the level of culpability consistent with a minimal participant. His level of knowledge and involvement in each offense of conviction exceeds that of a minimal participant. In each bank robbery, he helped drive the participants from Oklahoma City to the target city and back, he knew all those involved in the bank robbery and their respective roles, he was present when the victim bank was chosen, and he shared in the proceeds from each robbery. The court, however, finds that the defendant's culpability is consistent with a two-level minor role adjustment for counts one and two. In those bank robberies, the defendant only helped in driving to Topeka or Overland Park

and back to Oklahoma City and apparently did not assist otherwise in casing the victim banks or in planning the robberies. Courts have denied minor role adjustments to getaway drivers who, in part, had helped in planning the robbery or in selecting the bank victims by checking for the level of security. *See, e.g.*, *United States v. Smith*, 65 Fed. Appx. 562, 564, 2003 WL 21018118, at *2 (7th Cir. 2003); *United States v. Harris*, 47 Fed. Appx. 322, 325, 2002 WL 31105198 (6th Cir. 2002) (and cases cited in both). As the defendant did not have any other role in the planning or execution of the robberies charged in counts one and two, the court will grant the defendant a minor role reduction. The result of this ruling is that the defendant's total offense level is reduced to 23 (adjusted offense level for count one is 23 and for count two is 22 and the combined adjusted offense level is 26) for a guideline sentencing range of 84 to 105 months.

**Defendant's Objection No. 2**: The defendant objects to the PSR's assessment of three criminal history points for a sentence imposed on May 4, 2005, for a bank robbery conviction in Louisiana stemming from conduct committed on October 18, 2003. The defendant argues this state conviction is relevant conduct as the Louisiana bank robbery occurred less than two weeks after the bank robbery charged in count two here and is

part of what the defendant alleges to be a multi-state bank robbery scheme directed by Bennett that included the offenses of conviction. The defendant posits that the state conviction should not be assessed criminal history points because it is relevant conduct.

Ruling: Under the Sentencing Guidelines, criminal history is calculated on the basis of prior sentences. "The term 'prior sentence' means any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a)(1). Application note one accompanying § 4A1.2 provides that "[c]onduct that is part of the instant offense means conduct that is relevant conduct to the instant offense under the provisions of § 1B1.3 (Relevant Conduct)." U.S.S.G. § 4A1.2, comment. (n.1). "Therefore, a conviction will not be treated as a prior sentence (and no criminal history points can be added) so long as the underlying conduct meets the definition of relevant conduct." *United States v. Keifer*, 198 F.3d 798, 801 (10th Cir. 1999); *see also United States v. Wilson*, 416 F.3d 1164, 1168 (10th Cir. 2005).

If the offense level calculation takes into account the prior sentence, "'then it is clear that to prevent double counting the court cannot

use that same sentence in its criminal history calculation.'" *United States v. Wilson*, 416 F.3d at 1168 (quoting *United States v. Torres*, 182 F.3d 1156, 1160 (10th Cir. 1999)).  If, however, the prior sentence does not affect offense level calculations, the sentencing court may count the prior sentence "'as criminal history if it does not involve relevant conduct under § 1B1.3.'" *United States v. Groves*, 369 F.3d 1178, 1187 (10th Cir. 2004) (quoting *Torres*, 182 F.3d at 1159).  "A correct determination of whether the prior sentence constituted relevant conduct is an essential predicate to the criminal history assessment."  *Id.*  "[T]he government bears the burden of proving the prior offense is not relevant conduct."  *Wilson*, 416 F.3d at 1168.

Because the defendant's conduct or involvement in the Louisiana bank robbery conviction was not used in the offense level calculations, the court may consider it for criminal history purposes unless it is relevant conduct under § 1B1.3.  The defendant argues "[t]he robberies in the instant case occurred on July 3, 2003, October 2, 2003, and October 6, 2003, and were part of the same course of conduct as the robbery in Louisiana." (Dk. 38, p. 5).  Only subsection (a)(2) of § 1B1.3 defines relevant conduct to include acts and omissions "that were part of the same

course of conduct" as the defendant is arguing here.  This subsection, however, has three prerequisites; one of which is that "the offense would require grouping with the offense of conviction under U.S.S.G. § 3D1.2(d)." *United States v. Clark*, 415 F.3d 1234, 1242 (10th Cir. 2005) (citation omitted); *see United States v. Asch*, 207 F.3d 1238, 1244 (10th Cir. 2000) ("That definition, however, only applies to 'offenses for which grouping of counts would be required under § 3D1.2(d) had the defendant been convicted of multiple counts.' U.S.S.G. § 1B1.3, comment. (n.3)."). The guideline for bank robbery, § 2B3.1, is specifically excluded from the grouping operation of § 3D1.2(d).  Consequently, the defendant's allegation that the Louisiana bank robbery is part of the same course of conduct as the instant offenses is immaterial to the relevant conduct determination, as subsection (a)(2) of § 1B1.3 is inapplicable.

For the Louisiana bank robbery to be relevant conduct under the guidelines, it must have "occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense."  U.S.S.G. § 1B1.3(a)(1); *see United States v. Jones*, 313 F.3d 1019, 1023 (7th Cir. 2002).  The defendant does not contend the Louisiana bank robbery

occurred as part of one of these required situations. As reflected in the PSR, it occurred after the commission of the instant offenses and not in the course of attempting to avoid detection or responsibility for the instant offenses. Thus, under the guideline definitions and provisions, the Louisiana bank robbery conviction is not relevant conduct exempt from criminal history calculations.

IT IS THEREFORE ORDERED that the defendant's objection to the mitigating role adjustment is granted in part and his objection to the criminal history determination is overruled.

Dated this 30th day of April, 2007, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge